IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| YADA SMITH, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | No. 3:17-CV-3243-L (BT) |
| § | |
| BENEFICIAL FINANCIAL I, INC., and § | |
| MORTGAGE ELECTRONIC § | |
| REGISTRATION SYSTEMS, INC., § | |
| § | |
| Defendants. § | |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

Before the Court is a Motion to Dismiss [ECF No. 7], filed by Defendants Beneficial Financial I, Inc. ("Beneficial") and Mortgage Electronic Registration Systems, Inc. ("MERS"). For the reasons stated, Defendants' Motion should be **GRANTED**.

### Background

This lawsuit is the latest in a series of actions brought by Plaintiff Yada Smith challenging foreclosure proceeding initiated against certain real property located in Cedar Hill, Texas (the "Property"). *See* Pet. 3 [ECF No. 1-2]. Defendant Beneficial purchased the Property at a foreclosure sale on October 1, 2013, after Plaintiff failed to repay her mortgage loan in accordance with its terms. *See* Defs.'

1

App. 19 [ECF No. 9]. When Plaintiff did not vacate the Property, Beneficial filed a forcible detainer action in Dallas, County, Texas, which concluded with a judgment in favor of Beneficial. *See* Defs.' Mot. 2; App. 29-30, 41. Plaintiff appealed that judgment, but the judgment was affirmed. *See* Defs.' Mot. 2; App. 18-25.

In an effort to avoid eviction, Plaintiff filed a bankruptcy proceeding in the Northern District of Texas in 2014. *See* Defs.' App 68. Plaintiff also filed a state court action in Dallas County, Texas on August 15, 2016. *See* Pet. [ECF No. 1-4] in *Smith v. Beneficial Financial I, Inc.*, No. 3:16-CV-2709-D. On September 22, 2016, Defendants removed the state court action to federal court (hereafter, the "2016 Lawsuit"). *See* Notice [ECF No. 1] in No. 3:16-CV-2709-D. In the 2016 Lawsuit, Plaintiff alleged that Defendants Beneficial and MERS were not authorized to foreclose on the property because Defendants did not initiate the foreclosure proceedings within four years of the acceleration of the Note, and also because Linda Green, the purported VP of MERS, who executed the Appointment of Substitute Trustee, "was never appointed by the Board of Directors of MERS." *See* Pet. 4-8 in No. 3:16-CV-2709-D. The District Court found that Plaintiff's petition failed to state a claim for relief and granted Defendants' Rule 12(c) motion for judgment on the pleadings. *See* Order [ECF No. 19] in No. 3:16-CV-2709-D. The District Court gave Plaintiff an opportunity to amend, but ultimately

2

dismissed the case with prejudice after finding that the amended complaint also failed to state a claim for relief. *See* Order [ECF No. 26] & Judgment [ECF No. 27] in No. 3:16-CV-2709-D. The District Court declined to give Plaintiff a second opportunity to amend her complaint because Plaintiff had already been given "a fair opportunity to amend[.]" *See* Order [ECF No. 26] in No. 3:16-CV-2709-D.

On September 11, 2017, Plaintiff filed another petition in state court that is virtually identical to the petition that was filed in the 2016 Lawsuit. *See* Pet. 1. Plaintiff alleges—again--that Defendants Beneficial and MERS were not authorized to foreclose on the property because Defendants did not initiate the foreclosure proceedings within four years of the acceleration of the Note, and also because Linda Green was not authorized to execute the Appointment of Substitute Trustee document. Defendants timely removed the 2017 lawsuit to federal court and promptly filed the pending Motion to Dismiss under Fed. R. Civ. P. 12(b)(6). By their Motion, Defendants argue (1) Plaintiff's claims under Chapter 12 of the Texas Civil Practices and Remedies Code should be dismissed for failure to state a claim; (2) Plaintiff's claim to quiet title should be denied because she has failed to allege superior title to the Property; (3) all of Plaintiff's claims fail as a matter of law for lack of standing; and (4) all of Plaintiff's claims should be dismissed as barred by *res judicata*. *See* Mot. 3-15 [ECF No. 8]. Plaintiff failed to file a response to Defendants' Motion, and the time to do so has

3

passed.[1] The Court therefore considers Defendants' motion without the benefit of a response.

## Legal Standards and Analysis

Defendants are entitled to dismissal of this action under Fed. R. Civ. P. 12(b)(6) on the ground that all of Plaintiff's claims are barred by *res judicata*.

*Res judicata* is an affirmative defense which provides that "a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *Allen v. McCurry*, 449 U.S. 90, 94 (1980). "[W]hen a successful affirmative defense appears on the face of the pleadings, dismissal under Rule 12(b)(6) may be appropriate." *Kansa Reinsurance Co., Ltd. v. Cong. Mortg. Corp. of Tex.*, 20 F.3d 1362, 1366 (5th Cir. 1994) (citing *Clark v. Amoco Prod. Co.*, 794 F.2d 967, 970 (5th Cir. 1986)). Thus, "[d]ismissal on *res judicata* grounds may be appropriate when the elements of *res judicata* are apparent on the face of the pleadings." *Avila v. Ocwen Loan Servicing, LLC*, 2014 WL 12580450, at *2 (W.D. Tex. June 6, 2014) (citing *Dean v. Mississippi Bd. of Bar Admissions*, 394 F. App'x 172, 175 (5th Cir. 2010)). "The Court may find that claims are barred by *res judicata* after taking judicial notice of prior pleadings and orders." *Avila*, 2014 WL 12580450,

---

[1] Indeed, Plaintiff has not filed anything in this case since Defendants' November 29, 2017 removal.

at *2; *see also Hall v. Hodgkins*, 305 F. App'x 224, 227-28 (5th Cir. 2008) ("If, based on the facts pleaded and judicially noticed, a successful affirmative defense appears, then dismissal under Rule 12(b)(6) is proper." (citing *Kansa Reinsurance Co., Ltd.*, 20 F.3d at 1366)).

"Res judicata applies where (1) the parties to both actions are identical (or at least in privity); (2) the judgment in the first action is rendered by a court of competent jurisdiction; (3) the first action concluded with a final judgment on the merits; and (4) the same claim or cause of action is involved in both suits." *Proctor & Gamble Co. v. Amway Corp.*, 376 F.3d 496, 499 (5th Cir. 2004) (internal quotation marks and citation omitted). A "transactional test" is utilized in determining whether the same claim or cause of action is involved. *See Petro-Hunt, LLC v. United States*, 365 F.3d 385, 395 (5th Cir. 2004). Under this test, "the preclusive effect of a prior judgment extends to all rights the original plaintiff had with respect to all or any part of the transaction, or series of connected transactions, out of which the original action arose." *Avila*, 2014 WL 12580450, at *2 (citing *Petro-Hunt*, 365 F.3d at 395-96). "The critical issue is not the relief requested or the theory asserted by the plaintiff, but whether the plaintiff bases the two actions on the 'same nucleus of operative facts.'" *Avila*, 2014 WL 12580450, at *2 (citing *In re Ark-La-Tex Timber Co.*, 482 F.3d 319, 330 (5th Cir. 2007)). "Making a determination of whether the same nucleus of

5

operative facts is present requires that the Court analyze 'the factual predicate of the claims asserted, not the legal theories upon which the plaintiff relies.'" *Avila*, 2014 WL 12580450, at *2 (quoting *In re Ark-La-Tex Timber Co.*, 482 F.3d at 330).

"*Res judicata* operates as a complete bar to a plaintiff seeking to bring a second suit based upon the same event or series of events . . . even if the plaintiff asserts additional facts or proceeds under a different legal theory and bars all claims that were or could have been advanced in support of the cause of action on the occasion of its former adjudication, not merely those that were adjudicated." *Avila*, 2014 WL 12580450, at *2 (citing *Hall*, 2008 WL 276397, at *3); *see also Palmer v. Fed. Home Loan Mortg. Corp.*, 2013 WL 2367794, at *2 (N.D. Tex. May 30, 2013) (*Res judicata* "precludes the relitigation of claims which have been fully adjudicated or arise from the same subject matter, and that could have been litigated in the prior action." (citing *Nilsen v. City of Moss Point*, 701 F.2d 556, 561 (5th Cir. 1983))).

In this case, the elements of *res judicata* are apparent on the face of the pleadings. The Court takes judicial notice that this case is at least the second lawsuit Plaintiff has filed in this Court in response to Defendants' pursuit of foreclosure on the Property. *See Reneker v. Offill*, 2012 WL 2158733, at *12 (N.D. Tex. June 14, 2012) ("Courts can take judicial notice, for example, of the existence

6

of a prior judgment for the limited purpose of proving that a judgment was entered . . . or of 'a document filed in another court . . . to establish the fact of such litigation and related filings[.]'") (quoting *Ferguson v. Extraco Mortg. Co.*, 264 F. App'x 351, 352 (5th Cir. 2007))). As Defendants point out, Plaintiff's Original Petition in this 2017 lawsuit is virtually identical to the petition filed in the 2016 Lawsuit. *Compare* Original Pet [ECF No. 1-2], No. 3:17-CV-3243-L, *with* Original Pet. [ECF No. 1-4], No. 3:16-CV-2709-D. Because Plaintiff brought suit against these same Defendants in the 2016 Lawsuit, the first requirement of *res judicata* has been met. Furthermore, the final judgment in the 2016 Lawsuit was entered by another District Court in the Northern District of Texas—a court of competent jurisdiction, and was a dismissal with prejudice, satisfying the second and third requirements of *res judicata*. *See Stevens v. Bank of Am., N.A.*, 587 F. App'x 130 (5th Cir. 2014) (holding that judgment dismissing with prejudice mortgagors' earlier action against mortgagee was a final judgment on the merits for *res judicata* purposes); *see also Crear v. US Bank, N.A.*, 2017 WL 3267925, at *1 (N.D. Tex. June 13, 2017), *rec. adopted*, 2017 WL 3233492 (N.D. Tex. July 31, 2017) (Lindsay, J.) (same). Finally, the same causes of action were involved in both lawsuit.  Indeed, Plaintiff's Original Petition in this lawsuit is virtually identical of the Original Petition in the 2016 Lawsuit. The Court therefore finds Plaintiff's present lawsuit is barred by *res* judicata, and Defendants' Motion to

7

Dismiss be granted. The Court further recommends that this case be dismissed with prejudice and without giving Plaintiff any further opportunities to amend, because such an amendment would be futile. *See Ransom v. Nat'l City Mortg. Co.*, 2014 WL 717198, at *6 (N.D. Tex. Feb. 25, 2014) ("Ordinarily, a *pro se* plaintiff should be granted leave to amend his complaint prior to dismissal[,]" but it is not required, where "granting leave to amend would be futile and cause needless delay.").

## **RECOMMENDATION**

Defendants' Motion to Dismiss [ECF No. 7] should be **GRANTED**, and all of Plaintiffs' claims against Defendants should be dismissed with prejudice.

**SO RECOMMENDED**.

August 10, 2018.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a true copy of these findings, conclusions, and recommendation on the parties. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within fourteen days after service of the findings, conclusions, and recommendation. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. A party's failure to file such written objections to these proposed findings, conclusions, and recommendation shall bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the proposed findings, conclusions, and recommendation within fourteen days after service shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).